**Edward N. GOMBERG and Helen E. Gomberg, Petitioners–Appellants,**

v.

**COMMISSIONER, INTERNAL REVENUE SERVICE, Respondent–Appellee.**

No. 88–1160.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 9, 1988.

Decided Feb. 28, 1989.

Gary R. Allen, Chief, U.S. Dept. of Justice, Appellate Section Tax Div., David M. Moore (argued), Washington, D.C., for C.I.R.

Shelley Cashion, Chamberlain, Hrdlicka, White, Johnson & Williams, Houston, Tex., David D. Aughtry (argued), Chamberlain, Hrdlicka, White, Johnson & Williams, Atlanta, Ga., for Edward N. Gomberg.

Before ENGEL, Chief Judge, WELLFORD and BOGGS, Circuit Judges.

WELLFORD, Circuit Judge.

Petitioners-appellants, Edward and Helen Gomberg, appeal the United States Tax Court decision in *Patin v. Commissioner*, 88 T.C. 1086 (1987), upholding the Commissioner of the Internal Revenue Service's disallowance of a $120,000 deduction from the Gombergs' 1980 gross income in connection with a gold and silver mine investment. Gomberg also challenges the assessment of an interest penalty for tax motivated transactions and a negligence penalty. *See* I.R.C. § 6621 (1986) (interest penalty on tax motivated transactions) (revised by T.R.A.1986); I.R.C. § 6653(a) (1986) (negligence penalty of 5% of underpayment amount). We affirm.

In 1980, Gomberg, and four other taxpayers who are not parties to this appeal but who were parties to the tax court case, invested in the "Gold One Purchase and Mining Program" marketed by Omni and Omni Resource Corporation (Omni) and the American International Mining Company (Amintco), and promoted as providing each investor a tax deduction equal to six times the amount invested. The purchase agreement required investors to pay Omni a specified purchase price plus a 50% royalty on the metals mined. The agreement further required each investor to execute a mining agreement, promissory note, and security agreement with Amintco. Under the mining agreement, the investor agreed to pay Amintco a development fee of $50 per ton, with a minimum fee of $30,000, payable either in cash or partially in cash, the balance by a promissory note to the Kensington Financial Corporation. The notes were financed by a circular flow of money between Kensington, Amintco, and Eyrlmore, a Hong Kong corporation formed on April 23, 1980. No principal or interest payments were ever made by Gomberg or the other investors, and sometime prior to March 1983, the notes were returned to the investors.

In 1980 and 1981, two geological assays of Encino Vivo and Shamrock were made, each revealing little, if any, commercial potential. Nevertheless, Amintco proceeded to procure equipment and mining permits, and to hire employees. In March 1981, shortly after the second assay, Omni decided to abandon Shamrock and Encino Vivo, and began to mine the "Mary Murphy" mine in Southern Colorado. Shortly thereafter, the unsuccessful operation ceased. The relevant facts of the program and its participants are set out at length on the Tax Court opinion in *Patin*.

■ Gomberg deducted $120,000 ($20,000 cash and $100,000 loan) from his 1980 gross income as mining development costs under I.R.C. § 616 or, alternatively, as mining exploration costs under I.R.C. § 617. On audit, the Commissioner disallowed the Gombergs' deduction, and assessed both an income tax deficiency of $71,719.66, which included penalty interest under I.R.C. § 6621, and a negligence penalty of $3,635.90 under I.R.C. § 6653.

The tax court upheld the Commissioner's determination in the case *Patin v. Commissioner*, 88 T.C. 1086, a Gomberg appeal consolidated with those of four other Omni investors. The tax court held that the investment was a tax avoidance scheme lacking economic substance and upheld the interest and negligence penalties assessed by the Commissioner. All of the taxpayers have appealed the decision to various courts of appeals.

■ Gomberg challenges the Commissioner's disallowance of the § 616 deduction, his assessment of an interest penalty under § 6621, and his assessment of a negligence penalty under § 6653. For the reasons and based on the analysis set out in

*Skeen v. Commissioner,* 864 F.2d 93 (9th Cir.1989), an appeal of the same tax court case by another Amintco investor, we affirm the decision of the tax court. In a well-reasoned opinion, the Ninth Circuit rejected the same objections Gomberg makes before this court. We adopt its reasoning, and accordingly, we AFFIRM the decision of the tax court.[1]

---

**1.** The Tax Court decision in *Patin* has also been affirmed by the Fourth and Fifth Circuits. *See Hatheway v. Commissioner,* 856 F.2d 186 (4th Cir.1988); *Patin v. Commissioner,* 865 F.2d 1264 (5th Cir.1989) (affirming tax court as to taxpayers Patin and Epsy). *Skeen* stated its "full agreement with [the Fourth Circuit's] analysis" in the unpublished opinion of *Hatheway.*