JAMES LEROY GREEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Green v. Commissioner
Docket No. 2583-90
United States Tax Court
T.C. Memo 1992-49; 1992 Tax Ct. Memo LEXIS 54; 63 T.C.M. (CCH) 1913; T.C.M. (RIA) 92049; January 28, 1992, Filed *54 Decision will be entered for the respondent. James Leroy Green, pro se. T. Richard Sealy, III, for respondent. PATE, Special Trial Judge. PATE
MEMORANDUM FINDINGS OF FACTS AND OPINION This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: 1981
1985
1986
1987
Deficiency
$ 1,513
$ 911
$ 1,658
$ 1,625
Additions to Tax
6651(a)(1)   378
228
415
406
6653(a)(1)   76
46
-- -- 6653(a)(2)   [1]
[1]
-- -- 6653(a)(1)(A)   -- -- 83
81
6653(a)(1)(B)   -- -- [1]
[1]
*55 The issues for our decision are: (1) Whether petitioner may deduct wages which he would have received had he not been terminated from his employment; (2) whether petitioner is liable for the addition to tax for filing his Federal income tax returns late; and (3) whether petitioner is liable for the addition to tax for negligence. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The Stipulation of Facts, First Supplemental Stipulation of Facts, and attached exhibits, are incorporated herein by this reference. James Leroy Green (hereinafter petitioner) filed his Federal income tax returns for 1981, 1985, 1986, and 1987, with the Fresno, California, Service Center. At the time petitioner filed his petition he resided in New Braunfels, Texas. Employment, Termination, Litigation
Petitioner was employed by Alameda County, California (hereinafter Alameda County), as a probation officer until he was terminated. On January 2, 1975, he appealed his termination with the Alameda County Civil Service Commission (hereinafter Civil Service Commission), alleging that the termination was wrongful and violated his right of free speech under the First Amendment *56 to the United States Constitution. On April 8, 1975, the Civil Service Commission commenced a hearing on petitioner's appeal which continued, disjointedly, over a two-year period. Because the Civil Service Commission had not yet rendered a decision, in February 1977, petitioner filed a complaint with the United States District Court for the Northern District of California (hereinafter the District Court), alleging that Alameda County had violated his First Amendment rights by wrongfully terminating him, and his Fourteenth Amendment rights, by refusing to conduct a meaningful hearing and render a decision on his appeal. Petitioner sought back pay and reinstatement. The District Court ordered the Civil Service Commission to render a decision on petitioner's appeal by June 1, 1977. The Civil Service Commission failed to comply, and the District Court extended the deadline to August 10, 1977. After the Civil Service Commission rendered a decision against him, petitioner appealed its decision in his ongoing District Court case. The District Court entered summary judgment against petitioner on March 1, 1978. Petitioner appealed the District Court's decision to the Court of Appeals *57 for the Ninth Circuit, which referred it to a panel for review of his constitutional claims. Sometime thereafter, petitioner learned that the Ninth Circuit dismissed his case for failure to prosecute. He tried to have his case reinstated, but was unsuccessful. Petitioner subsequently filed a petition for writ of certiorari with the United States Supreme Court. The Supreme Court denied certiorari in June 1980. Petitioner filed another complaint with the United States District Court on April 18, 1984, alleging that the judge in the previous case had acted fraudulently. On July 16, 1984, the complaint was dismissed on the grounds that the judge was accorded absolute immunity for his judicial acts. Petitioner appealed the dismissal to the Ninth Circuit, but it was upheld. He again petitioned for certiorari, but his petition was denied. In 1985, petitioner filed another complaint with the Ninth Circuit alleging judicial misconduct on the part of the District Court Judge. The parties have stipulated that this action is still pending. In 1986, petitioner asked the Ninth Circuit to set aside the summary judgment previously granted by the District Court and remand his case for a *58 jury trial. The Ninth Circuit refused to do so. Income Tax Reporting
Petitioner did not timely file a 1981 Federal income tax return. In 1985, he filed a Form 1040EZ for 1981, reporting only that he had "No Income". Petitioner filed a Form 1040EZ for 1985 on August 18, 1986. Again, he reported "No Income", but this time attached documents entitled "Petition for Supervisory Writ of Mandamus and Certiorari", and "Statement" to the form. The "Statement", which was prepared by petitioner, concludes that: since at no time since January 2, 1975, has the Petitioner's income exceeded the loss of income resulting from the violation of Petitioner's constitutional rights, any and all taxes that have been collected, have been collected unlawfully and are subject to immediate refund.
Petitioner filed a Form 1040EZ for 1986 on April 15, 1987, again reporting "No Income". On October 13, 1987, he filed an amended return for 1986 on Form 1040X reporting, on Schedule C, income of $ 13,427, and deductions of $ 4,777. In addition, petitioner deducted $ 30,090, which represented the wages that Alameda County would have paid him had he not been terminated from his position as *59 a probation officer. Petitioner attached several documents to both returns claiming that the District Court Judge had committed fraud, that his constitutional rights had been violated, and that he deducted the losses resulting therefrom. On October 18, 1988, petitioner filed his 1987 Federal income tax return. He reported $ 13,192 in income and deducted expenses of $ 9,130 on Schedule C. In his notice of deficiency, respondent determined that during the years in issue petitioner was a real estate salesman, had earned commissions from real estate sales, and was entitled to business deductions in the following amounts: 1981
1985
1986
1987
Commissions earned
$ 12,318
$ 9,700
$ 13,326
$ 13,192
Expenses allowed
4,347
4,107
4,918
4,550
Net income   $ 7,971 $ 5,593
$ 8,408 $ 8,642 Amount Reported
-0- -0- -0- 4,062
Adjustment   $ 7,971 $5,593
$ 8,408 $ 4,580 Petitioner has stipulated that he agrees with the amounts shown above. He contends, however, that he owes no tax because he is also entitled to deduct losses, in the following amounts, for wages he would have received from Alameda County had he still been employed as a probation officer: *60 1981
$ 24,495
1985
28,887
1986
30,090
1987
31,242
Respondent maintains that petitioner is not entitled to any deduction for the loss of his unearned wages. OPINION Deficiency
Petitioner bases his claim that he is entitled to deduct wages which he would have earned had he continued to work as a probation officer for Alameda County on the provisions of section 165. Section 165(a) allows a deduction for losses "sustained during the taxable year and not compensated for by insurance or otherwise". To be deductible under such section, a loss must be evidenced by a closed and completed transaction, fixed by an identifiable event, and sustained in the year claimed. Sec. 1.165-1(a), Income Tax Regs. The amount of the loss which may be deducted may not exceed the adjusted basis for determining loss from the sale or other disposition of the property involved. Sec. 165(b); sec. 1.165-1(c), Income Tax Regs.
In general, the failure to realize anticipated income does not give rise to a deductible loss. E.g., Escofil v. Commissioner, 464 F.2d 358 (3d Cir. 1972), affg. T.C. Memo. 1971-131; Hendricks v. Commissioner, 406 F.2d 269, 272 (5th Cir. 1969), *61 affg. T.C. Memo. 1967-140; J. G. Boswell Co. v. Commissioner, 34 T.C. 539 (1960), affd. 302 F.2d 682 (9th Cir. 1962). No loss is deductible under these circumstances because the taxpayer does not have any tax basis in the unearned income. Because the amount of deductible losses is limited to the taxpayer's basis in the property involved, and because a taxpayer has a zero basis in anticipated but unearned wages, no loss is deductible. See Hort v. Commissioner, 313 U.S. 28 (1941). This principle has previously been applied to wage expectations. Anderson v. Commissioner, T.C. Memo. 1964-88; Bostick v. Commissioner, T.C. Memo. 1957-220; see Hutcheson v. Commissioner, 17 T.C. 14, 19 (1951). Thus, petitioner's claim under the provisions of section 165 is without merit. He had no tax basis in the wages that he could have earned by working for Alameda County absent his termination. Because his tax basis in those anticipated wages was zero, and because losses deductible under section 165(a) may not exceed the tax basis of the property involved, petitioner *62 is not entitled to any deduction therefor. Alternatively, petitioner argues that he is entitled to a loss deduction under section 186. Section 186 allows a taxpayer a deduction against "compensatory amounts" which are received for a compensable injury and which are included in gross income. A "compensatory amount" is that amount received or accrued as damages "as a result of an award in, or in settlement of, a civil action for recovery for a compensable injury". Sec. 186(c). Based on the facts of this case, we conclude that section 186 simply does not apply because (among other things) petitioner did not receive any compensatory amount which he included in gross income. Accordingly, we hold that petitioner is not entitled to a loss deduction for amounts which he did not earn from Alameda County. Additions to Tax
1. Late Filing
Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for failure to timely file his income tax returns for the years in issue. He bases this determination on the fact that (1) the documents petitioner filed for 1981, 1985, and the original Form 1040EZ he filed for 1986, do not constitute Federal income *63 tax returns, and (2) except for the original Form 1040EZ for 1986, none of the forms filed by petitioner were timely. Section 6011(a) requires that a taxpayer file an income tax return which sufficiently complies with the "forms and regulations prescribed by the Secretary". United States v. Stillhammer, 706 F.2d 1072, 1075 (10th Cir. 1983). A document constitutes a valid income tax return if it contains sufficient data from which respondent can compute and assess a tax liability. Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986); White v. Commissioner, 72 T.C. 1126, 1129 (1979). Thus, it has been held that the documents filed in the following instances did not contain sufficient information to constitute valid returns: (1) A blank Form 1040 except for name, address, and social security number (see, e.g., White v. Commissioner, supra at 1129-1130; Cupp v. Commissioner, 65 T.C. 68, 79 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977)); (2) a blank Form 1040 containing only identifying identifying information *64 and constitutional or other objections to filing or paying taxes (see, e.g., United States v. Johnson, 577 F.2d 1304, 1310-1311 (5th Cir. 1978); United States v. Porth, 426 F.2d 519, 522-523 (10th Cir. 1970); Hatfield v. Commissioner, 68 T.C. 895, 898 (1977)); (3) a Form 1040 labeled "tentative" or "estimated" (see, e.g., Ferrando v. United States, 245 F.2d 582, 588 (9th Cir. 1957); National Contracting Co. v. Commissioner, 105 F.2d 488, 491 (8th Cir. 1939), affg. 37 B.T.A. 689 (1938)); (4) a Form 1040 containing zeros in all relevant spaces (see, e.g., United States v. Smith, 618 F.2d 280, 281-282 (5th Cir. 1980)); and (5) a tentative or "skeleton" Form 1040 containing either identifying information only and tax due or net income and tax due (see Schroeder v. Commissioner, 291 F.2d 649, 654 (8th Cir. 1961), affg. T.C. Memo. 1957-162). Although there is no bright line for dividing acceptable from unacceptable Forms 1040, it is clear that a Form 1040 containing no information in the blanks provided for the taxpayer's *65 income and deductions is not a return. United States v. Porth, supra.As we concluded in McCaskill v. Commissioner, 77 T.C. 689, 698-699 (1981) (quoting from United States v. Moore, 627 F.2d 830 (7th Cir. 1980)): In our self-reporting tax system the government should not be forced to accept a document which plainly is not intended to give the required information.
Petitioner included his name, address, and social security number on the Forms 1040EZ he filed for 1981, 1985, and 1986. He also included the statement "NO INCOME" hand-written vertically on the forms. Although petitioner argues that he had no taxable income to report due to his loss of salary resulting from his termination by Alameda County, the fact of the matter is that he failed to report that he had received gross income and that his claimed deductions and losses completely offset such income. The facts here are similar to those in Schroeder v. Commissioner, T.C. Memo. 1957-162, affd. 291 F.2d 649, 654 (8th Cir. 1961), where we held that a "return" which was blank except for a net income figure and the tax *66 due did not constitute a "return" for purposes of the addition to tax for late filing. Further, respondent claims that except for the original 1986 Form 1040EZ, filed on April 15, 1987, the forms petitioner did file were all filed late. Petitioner filed a Form 1040EZ for 1981 in 1985, for 1985 on August 19, 1986, and for 1987 on October 18, 1988. He filed his amended return for 1986 on October 13, 1987. Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a return on or before the required filing date, after taking into account extensions of time granted the taxpayer. In the case of an individual taxpayer, calendar year returns must be filed on or before the 15th day of April following the close of the year. Sec. 6072(a). An addition to tax for failure to file a return may be avoided, however, if the taxpayer can show that the failure to file the return was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1); Richardson v. Commissioner, 72 T.C. 818, 827 (1979). All of petitioner's income tax returns were due to be filed by April 15th of the following year. Petitioner did not file any of the forms by this deadline *67 except the original 1986 Form 1040EZ. However, because we have found that such form did not constitute a "return", we look to the date that the amended return was filed, October 13, 1987. Because petitioner did not file any document which constituted a return by April 15th of the following year, they are, on their face, untimely. Moreover, although petitioner claims that he obtained extensions of time with respect to those returns, he did not submit any evidence to support this claim. Further, petitioner has presented no evidence to demonstrate that his failure to file timely returns was due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioner is liable for the additions to tax for failure to file timely returns for all of the years in issue. 2. Negligence
Respondent also determined that petitioner is liable for additions to tax for negligence. Section 6653(a)(1) for 1981 and 1985, and section 6653(a)(1)(A) for 1986 and 1987, provide that, if any portion of an underpayment of tax is due to negligence or intentional disregard of rules or regulations, an amount equal to five percent of the underpayment is added to the tax. Section 6653(a)(2) *68 for 1981 and 1985, and section 6653(a)(1)(B) for 1986 and 1987, provide for an addition to tax equal to 50 percent of the interest on the portion of the underpayment attributable to negligence. Negligence has been defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982); Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Because an addition to tax under section 6653(a) is presumptively correct, the taxpayer bears the burden of establishing that respondent's determination was erroneous. Betson v. Commissioner, 802 F.2d 365, 372 (9th Cir. 1986), affg. T.C. Memo. 1984-264; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Enoch v. Commissioner, 57 T.C. 781, 802-803 (1972). As brought out earlier, petitioner filed his 1981, 1985, and 1986, Forms 1040EZ without listing thereon the information required by the forms and *69 regulations. He maintains that, in effect, he deducted thereon losses from unearned wages, which losses clearly are not deductible. With regard to petitioner's amended 1986 income tax return and his 1987 income tax return, he deducted on Schedule C various expenditures (including personal check charges, drycleaning of personal suits, and Federal income taxes) which were not proper deductions. Because the forms he filed were so lacking in information, and his deductions so lacking in authority, we are convinced that petitioner was negligent. Petitioner argues, however, that he was advised by a public accountant to file his returns showing "no income". Although good faith reliance on the advice of a qualified accountant can defeat a finding of negligence, this is true only when the taxpayer has shown that such reliance is reasonable. Pessin v. Commissioner, 59 T.C. 473, 488-489 (1972); Conlorez Corp. v. Commissioner, 51 T.C. 467, 475 (1968). The Courts have absolved taxpayers from additions to tax for negligence in cases where the taxpayer (1) consulted a fully qualified, independent, accountant, (2) fully disclosed the facts to him, and *70 (3) relied on his advice in good faith. Leonhart v. Commissioner, 414 F.2d 749 (4th Cir. 1969), affg. T.C. Memo. 1968-98; Patin v. Commissioner, 88 T.C. 1086 (1987), affd. without published opinion sub nom. Hatheway v. Commissioner, 856 F.2d 186 (4th Cir. 1988), affd. sub nom. Skeen v. Commissioner, 864 F.2d 93 (9th Cir. 1989), affd. without published opinion 865 F.2d 1264 (5th Cir. 1989), affd. sub nom. Gomberg v. Commissioner, 868 F.2d 865 (6th Cir. 1989). Petitioner testified that he spoke to an accountant with respect to his 1981 Form 1040EZ and was advised to report that he had no income. However, petitioner failed to present any evidence that the accountant with which he consulted was either qualified or independent, that petitioner fully disclosed all of the facts surrounding his claims, or that he relied on the advice of the accountant in good faith. Consequently, we hold that petitioner is liable for the additions to tax for negligence. Accordingly, Decision *71 will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. Plus 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩