ESTATE OF J.C. RANEY, DECEASED, JO A. RANEY, INDEPENDENT EXECUTRIX, AND JO A. RANEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Raney
Docket No. 23791-89
United States Tax Court
T.C. Memo 1992-684; 1992 Tax Ct. Memo LEXIS 722; 64 T.C.M. (CCH) 1409; November 30, 1992, Filed *722 Decision will be entered for respondent. For Petitioners: Donald L. Cuba and William L. Malone. For Respondent: Russell A. Acree. HAMBLEN
HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Chief Judge: Respondent determined a deficiency in petitioners' 1982 Federal income tax in the amount of $ 13,374.28 and additions to tax as follows: Section 6653(a)(1) of $ 688.71, section 6653(a)(2) of 50 percent of the interest due on $ 13,374.28, and section 6661 of $ 3,343.57. Respondent also applied the increased interest rate set forth in section 6621(c). All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. By means of a stipulation of settled issues, petitioners conceded the deficiency determined by respondent for the 1982 taxable year. The remaining issues for decision are: (1) Whether respondent is estopped from determining additions to tax and increased interest because petitioners executed a restricted waiver of the period of limitations; (2) whether petitioners are liable for additions to tax for negligence pursuant to section 6653; *723 (3) whether petitioners are liable for an addition to tax for a substantial underpayment of their tax liability under section 6661; and (4) whether petitioners are liable for increased interest on an underpayment of tax attributable to a tax motivated transaction under section 6621(c). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Mr. J.C. and Mrs. Jo A. Raney (Mr. and Mrs. Raney) filed a joint Federal income tax return for the 1982 taxable year. At the time the petition was filed, petitioners resided in Austin, Texas. Mr. Raney, now deceased, was a college graduate with a degree in petroleum engineering from Texas A&M University. Mr. and Mrs. Raney operated their own consulting petroleum engineering business. Bill Simmonds (Mr. Simmonds) is a certified public accountant who performed services for petitioners. Mr. Simmonds helped petitioners set up their company and a profit sharing plan, prepared their income tax returns, and acted as their sole investment adviser. Mr. Simmonds introduced petitioners to Midcontinent Drilling Associates II (MCDAII). *724 MCDAII is a limited partnership organized to engage in three oil and gas related businesses. This Court found that MCDAII was a tax shelter organized to avoid Federal income tax. Webb v. Commissioner, T.C. Memo. 1990-556. [1]
The promoters of MCDAII prepared a prospectus which included a section titled "Risk Factors". The "Risk Factors" section is eight pages long and, among other things, warns of possible tax risks and explains that even if the project is successful, no buyer has been found for any of the technology that may be developed. The prospectus also explained that a potential tax deduction associated with a $ 10,000 investment was likely to lead to tax deductions equal to $ 40,000 in the first year. Mrs. Raney was unaware that Mr. Simmonds was receiving a commission on the sale of MCDAII. Mr. Simmonds informed Mr. Raney that he would *725 review the investment for petitioners and that they would not have to pay him for the review because he would be paid a commission by the partnership for his services. Mr. Raney prepared workpapers showing that the economic potential of an investment in MCDAII could produce a "net after tax yield of 19%." After their investment in MCDAII, petitioners filed away information they received from the partnership. When questions arose regarding the partnership, petitioners forwarded any information received to Mr. Simmonds. Petitioners deducted losses relating to MCDAII of $ 42,912 on their 1982 Federal income tax return. In March 1986, petitioners executed a Form 872-A, waiving the period of limitations for any adjustment to (a) the taxpayer's share of any item of income, gain, or loss, deduction, or credit of, or distribution from any partnership * * * (b) the tax basis of the taxpayer's interests in such entity(ies), (c) any gain or loss * * * realized upon the sale or exchange, abandonment, or other disposition of taxpayer's interest in such entity(ies), (d) items affected by continuing tax effects caused by adjustments to any prior tax return, and (e) any consequential changes *726 to other items based on such adjustment. OPINION Respondent correctly determined that petitioners invested in MCDAII, a limited partnership determined by this Court to be a tax shelter without a profit motive. Webb v. Commissioner, T.C. Memo. 1990-556. Petitioners have conceded the deficiency in tax arising from their investment, and only dispute their liability for additions to tax under sections 6653 and 6661, and increased interest under section 6621. The first issue for decision is whether respondent is estopped from determining additions to tax for negligence and substantial underpayment of Federal income tax and increased interest for substantial understatement of Federal income tax attributable to tax motivated transactions. Secs. 6653, 6661, 6621. Petitioners assert that respondent is estopped on the ground that, although they did agree to extend the time to assess tax regarding MCDAII on their 1982 Federal income tax return, they did not agree to extend the time to assess additions to tax or increased interest. We disagree. Petitioners executed a restricted waiver of the period of limitations extending the time for assessment of any *727 deficiency to tax on any adjustment to petitioners' share in MCDAII. Although this waiver was restricted, it was unrestricted as to any deficiency in tax relating to partnership items. It is well established that a waiver to assess a deficiency in tax includes applicable interest, penalty, or other additions to tax. Secs. 6601(e)(1), 6662; [2]Pleasanton Gravel Co. v. Commissioner, 85 T.C. 839, 855 (1985); Marbut v. Commissioner, 28 T.C. 687, 691 (1957). Therefore, petitioners' agreement to extend the time to assess tax relating to the MCDAII tax shelter necessarily includes an agreement to extend the time to assess additions to tax for negligence under section 6653, and for substantial understatement of Federal income tax under section 6661, and increased interest under section 6621. *728 The second issue for decision is whether petitioners are liable for additions to tax due to their negligence. Section 6653(a)(1) imposes a 5-percent addition to tax if any portion of an underpayment is due to negligence or intentional disregard of the rules or regulations. Section 6653(a)(2) provides for a further addition to tax equal to 50 percent of the interest on the portion of the understatement attributable to negligence. Negligence for purposes of section 6653(a) is defined as the failure to exercise the due care that a reasonable and ordinarily prudent person would exercise under the circumstances. Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determination that petitioners' underpayment was due to negligence is "presumptively correct and must stand unless the taxpayer can establish that he is not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. *729 Petitioners seek to avoid liability for the additions to tax for negligence, asserting that they relied on Mr. Simmond's advice when making their decision to invest in MCDAII. The courts have recognized that reliance on an accountant or attorney can spare a taxpayer the imposition of additions to tax for negligence. Heasley v. Commissioner, 902 F.2d 380 (5th Cir. 1990), revg. T.C. Memo. 1988-408; Hill v. Commissioner, 63 T.C. 225, 251-252 (1974). Petitioners rely on Heasley for their assertion that they should not be held negligent. In Heasley, the Fifth Circuit found taxpayers were not negligent even though they relied solely on the advice of a financial adviser when investing in a tax shelter. The court recognized that some taxpayers are not sophisticated investors and may not be negligent in relying on the expertise of financial advisers without independently investigating their investments. Heasley v. Commissioner, supra at 383. The facts in Heasley are distinctly different from the facts of this case. The taxpayers in Heasley were *730 not educated beyond high school and had very limited investment experience. In contrast, Mr. Raney was a college graduate with a degree in petroleum engineering. Petitioners operated their own business. Petitioners were not unsophisticated investors and did not need to rely completely on a financial adviser to make an investment decision. Another distinction is that the taxpayers in Heasley relied on the advice of an independent accountant who apparently did not receive a commission from the sale of the tax shelter they invested in. Petitioners did not hire a financial adviser independent of MCDAII, relying solely on the advice of a C.P.A. who received a commission on petitioners' investment. A reasonable taxpayer would consult with an independent attorney or accountant before investing in an investment that the taxpayer did not fully understand. See Chase v. Commissioner, T.C. Memo. 1990-615. Although Mrs. Raney was unaware or does not recall knowing that Mr. Simmonds was receiving a commission, we believe that Mr. Raney was aware of the commission. Mr. Simmonds testified that he told Mr. Raney. It is logical that Mr. Simmonds would have *731 informed only Mr. Raney because he was more actively involved than Mrs. Raney in making the investment decision. A further distinction from Heasley is that the Heasleys monitored their investment. When they failed to receive any income, they wrote and telephoned the servicing agent to collect their expected portion of the energy savings. Heasley v. Commissioner, supra at 384. In the beginning, petitioners in the case before us filed away information received regarding the tax shelter without looking at it and later forwarded the information to Mr. Simmonds. In addition, the Fifth Circuit stated that the Heasleys intended to profit from the investment. They were told by the salesperson that they would profit and were shown flow charts that tended to prove this. The Fifth Circuit stated that "The Heasleys invested in the plan to earn income, not to avoid tax liability." Id. at 386. By contrast, petitioners in this case did not establish that they invested in the partnership with the objective to make a profit. They looked at the prospectus which clearly indicated that in all probability MCDAII would lose *732 money and generate tax deductions. The record contains workpapers prepared by Mr. Raney purporting to show that MCDAII would earn a profit. Whether these workpapers were prepared prior to investment or merely prior to litigation is unclear. However, it is clear that the income projected on these workpapers was never expected by those who prepared the prospectus, the document used as a sales tool. In Hill v. Commissioner, supra, we recognized that some transactions are so complex that complete reliance on an expert is reasonable. Based on a review of the prospectus, we find that most of the complexity of MCDAII dealt with the oil and gas engineering aspects, aspects which Mr. Raney presumably understood because of his background in petroleum engineering. The prospectus explained the risk level associated with the investment and the unlikelihood of a return on an investor's investment. In addition, the prospectus outlined the potential tax deduction associated with an investment and stated that a $ 10,000 investment was likely to lead to tax deductions equal to $ 40,000 in the first year. We find that this investment was not so complex that *733 Mr. Raney, a petroleum engineer, needed to completely rely on Mr. Simmonds in order to make an investment decision. For the foregoing reasons, we find that petitioners were negligent in deducting amounts related to their investment in MCDAII. The next issue for decision is whether petitioners are liable for additions to tax under section 6661. Pursuant to section 6661(a) there shall be added to tax an amount equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of the tax. Pallottini v. Commissioner, 90 T.C. 498 (1988). Respondent may waive the section 6661 addition to tax if a taxpayer shows that there was reasonable cause for the understatement and that the taxpayer acted in good faith. Heasley v. Commissioner, supra at 384; sec. 1.6661-6, Income Tax Regs. The extent of the taxpayer's effort to assess the proper tax liability under the law is the most important factor in determining whether the section 6661 addition to tax should be waived. Sec. 1.6661-6(b), Income Tax Regs.
In Heasley, the Fifth Circuit found reasonable cause and good faith in part because *734 the taxpayers relied on the professional advice of a C.P.A. to assess their tax liability and determine if the deductions and investment tax credit claimed were legitimate. In addition, after reading portions of the investment plan, the Heasleys relied on an independent financial adviser to review the investment. Neither the C.P.A. nor the financial adviser found a problem with the investment. The Fifth Circuit stated that given the Heasleys' inexperience, limited knowledge about investing, and education level, it was reasonable for them to rely on professional advice. Id. at 385. The Fifth Circuit held that under the circumstances of Heasley, the additions to tax under section 6661 should have been waived. Reasonable cause and good faith do not exist in the instant case. We have found that MCDAII was organized to avoid Federal income tax. Webb v. Commissioner, T.C. Memo. 1990-556. We have further found that petitioners failed to establish that they invested in MCDAII with an objective of making a profit. Mr. Raney knew that Mr. Simmonds was not independent of MCDAII and petitioners cannot show reasonable cause *735 or good faith in relying on his advice. Mr. Raney was a petroleum engineer who, along with Mrs. Raney, operated a petroleum engineering consulting business. Unlike the Heasleys, petitioners possessed enough experience, investment knowledge, and education to understand that the MCDAII deductions and investment tax credit were not legitimate. There is a substantial understatement of Federal income tax if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1). Petitioners' Federal income tax was substantially understated for the 1982 taxable year. Consequently, respondent's determination of an addition to tax for a substantial understatement is sustained. The final issue for decision is whether petitioners are liable for increased interest under section 6621. Although petitioners and respondent dispute in their briefs the liability for increased interest under section 6621, petitioners did not raise this issue in their petition. Consequently, this issue could be treated as conceded by petitioners. Rule 34(b)(4). In any event, we have considered this issue and sustain respondent. Section *736 6621(c) provides for an increase in interest on a substantial underpayment of tax attributable to a tax-motivated transaction. Transactions "not engaged in for profit" within the meaning of section 183 are tax-motivated transactions. Sec. 301.6621-2T, Q-4 and A-4, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 50391 (Dec. 28, 1984). See Patin v. Commissioner, 88 T.C. 1086 (1987), affd. without opinion sub nom. Hatheway v. Commissioner, 856 F.2d 186 (4th Cir. 1988), affd. sub nom. Skeen v. Commissioner, 864 F.2d 93 (9th Cir. 1989), affd. without published opinion Patin v. Commissioner, 865 F.2d 1264 (5th Cir. 1989), affd. sub nom. Gomberg v. Commissioner, 868 F.2d 865 (6th Cir. 1989). Pursuant to section 183, this Court has disallowed MCDAII's claims to deductions because the partnership activities were not engaged in with a profit objective. Webb v. Commissioner, supra. We find that petitioners invested in MCDAII to avoid Federal income tax liability and not with *737 an objective of making a profit. Cf. Heasley v. Commissioner, 902 F.2d 380, 386 (5th Cir. 1990). Consequently, petitioners' underpayment resulting from the disallowance of their distributive share of the partnership's deductions is subject to the increased interest on a tax-motivated transaction under section 6621(c). To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. The findings of fact found in Webb v. Commissioner, T.C. Memo. 1990-556↩, are hereby incorporated herein.
2. Sec. 6662 was formerly sec. 6660, which was formerly sec. 6659. Sec. 722(a)(1) of the Economic Recovery Tax Act of 1981 (ERTA) redesignated sec. 6659 as sec. 6660 applicable to returns filed after Dec. 31, 1981. Pub. L. 97-34, sec. 722(a)(1), 95 Stat. 172, 341. Sec. 323(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) redesignated sec. 6660 as sec. 6662 applicable to returns the due date (determined without regard to extensions) for filing of which was after Dec. 31, 1982. Pub. L. 97-248, sec. 323(a), 96 Stat. 324, 613. Subsequent to the year in issue here, sec. 7721(a) of the Omnibus Budget Reconciliation Act of 1989 (OBRA) redesignated sec. 6662↩ as sec. 6665 applicable to returns the due date (determined without regard to extensions) for filing of which was after Dec. 31, 1989. Sec. 7721(a) and (d), Pub.L. 101-239, 103 Stat. 2395, 2399.