T.C. Memo. 2001-47

UNITED STATES TAX COURT

WALTER O. BOWEN AND SUSAN M. BOWEN, ET AL.,[1] Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 13714-99, 13723-99,    Filed February 27, 2001.
            13724-99.

<u>Edward G. Marshall</u>, for petitioners.

<u>Fred E. Green, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  In separate notices of deficiency,
respondent determined the following income tax deficiencies and

---

[1]Cases of the following petitioners are consolidated
herewith:  Bow N Arrow Family Trust, docket No. 13723-99; and
Naturally Right Co., a.k.a. Naturally Right Company, docket No.
13724-99.

penalties with respect to petitioners' Federal income tax returns
for the taxable year 1995:[2]

Walter O. Bowen & Susan M. Bowen, docket No. 13714-99

| Deficiency | Sec. 6662(a) penalty |
|---|---|
| $205,316 | $41,063 |

Bow N Arrow Family Trust, docket No. 13723-99

| Deficiency | Sec. 6662(a) penalty |
|---|---|
| $98,219 | $19,644 |

Naturally Right Co., a.k.a. Naturally Right Company, docket No.
13724-99

| Deficiency | Sec. 6662(a) penalty |
|---|---|
| $98,060 | $19,612 |

Petitioners in each docket filed separate petitions
contesting respondent's determinations. These cases were
consolidated for trial, briefing, and opinion pursuant to Rule
141(a) because they present common issues of fact and law. At
trial, respondent conceded the deficiencies and penalties in
docket Nos. 13723-99 and 13724-99, leaving only the issues in
docket No. 13714-99 for trial. In docket No. 13714-99, Walter O.
Bowen and Susan M. Bowen (hereinafter petitioners) conceded that
they were liable for a deficiency to be calculated by using a
formula agreed to by the parties and that the exact amount would
be determined in accordance with Rule 155.

_____

[2]All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

After the parties' concessions, the only remaining issues for decision are:

(1) Whether petitioners are liable for the accuracy-related penalty for taxable year 1995 under section 6662(a); and

(2) whether petitioners are liable for a penalty pursuant to section 6673.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. We incorporate the stipulation of facts into these findings by this reference. Petitioners resided in Shadow Hills, California, at the time the petition in docket No. 13714-99 was filed. Walter O. Bowen (petitioner) has been a chiropractor since 1975. Susan M. Bowen worked in petitioner's office as a recordkeeper.

Each year, petitioners hired a return preparer to prepare their income tax returns. Marvin Weisbrod was petitioners' return preparer for approximately 15 years. After Mr. Weisbrod passed away, petitioners hired John Gillis to prepare their 1994 tax return.

In 1995, petitioner paid National Trust Services (NTS) $9,500 to attend a week-long program about trusts. Shortly after attending the program, petitioners decided to establish two trusts into which they would transfer their home, business, and other assets. In or about April 1995, petitioners established the Bow N Arrow Family Trust and the Naturally Right Co. business

trust, using trust documents acquired from NTS.  Petitioners

hoped that the creation and funding of the trusts would

facilitate the preservation and protection of their assets.[3]

Petitioners hired James Baker to prepare their 1995 tax

return and the tax returns for their two trusts.  Some

chiropractic colleagues, who claimed Mr. Baker was knowledgeable

about trusts and taxes, recommended Mr. Baker to petitioner.

Petitioners did not give Mr. Baker all the information

necessary to evaluate the trusts for Federal income tax purposes

or to complete their 1995 tax return accurately.  As a result,

petitioners' 1995 return understated their correct income tax

liability.

In his notice of deficiency in docket No. 13714-99,

respondent determined that the trusts must be disregarded for

Federal income tax purposes, that petitioner's income from his

chiropractic business was reportable on petitioners' 1995 return,

and that petitioners were liable for an income tax deficiency for

1995.  Respondent also determined that petitioners were liable

for an accuracy-related penalty under section 6662(a) and (b)(1)

(for negligence or disregard of rules or regulations) or,

alternatively, under section 6662(a) and (b)(2) (for substantial

---

[3]Petitioners' son suffered from physical and psychological
problems resulting from an addiction.  Petitioners were concerned
that these and other problems stemming from the addiction would
adversely affect their assets and impair their ability to provide
for their family.

understatement).  At trial, respondent also asserted that petitioners were liable for a penalty under section 6673.

OPINION

Section 6662(a) Penalty

Section 6662(a) and (b)(1) imposes a penalty equal to 20 percent of the portion of an underpayment of income tax attributable to negligence or disregard of rules or regulations. Negligence is defined as "any failure to make a reasonable attempt to comply with the provisions of * * * [the Internal Revenue Code]".  Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonable and prudent person would do under the circumstances).  The term "disregard" includes "any careless, reckless, or intentional disregard."  Sec. 6662(c).  Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation.  See sec. 1.6662-3(b)(2), Income Tax Regs.

Section 6662(a) and (b)(2) imposes a penalty equal to 20 percent of the portion of any underpayment of income tax attributable to any substantial understatement of income tax.  An understatement is substantial if it exceeds the greater of (a) 10 percent of the tax required to be shown on the return or (b) $5,000.  See sec. 6662(d)(1)(A).

Respondent's determination is presumed correct, and petitioners have the burden of proving otherwise. See Rule 142(a); Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337; Neely v. Commissioner, supra at 947; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioners' contention that they are not liable for the section 6662(a) penalty is rooted in section 6664(c)(1), which provides, in pertinent part, that the section 6662(a) penalty shall not be imposed with respect to any portion of an underpayment if a taxpayer shows that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.

Generally, the responsibility to file returns and pay tax when due rests upon the taxpayer and cannot be delegated; the taxpayer must bear the consequences of any negligent errors committed by his or her agent. See Pritchett v. Commissioner, 63 T.C. 149, 173-175 (1974); American Properties, Inc. v. Commissioner, 28 T.C. 1100, 1116-1117 (1957), affd. 262 F.2d 150 (9th Cir. 1958). An exception to this rule arises when a taxpayer selects a competent tax adviser, supplies the adviser with all relevant information, and, consistent with ordinary business care and prudence, relies on the adviser's professional judgment as to the taxpayer's tax obligations. See sec. 6664(c); United States v. Boyle, 469 U.S. 241, 250-251 (1985); Estate of

Young v. Commissioner, 110 T.C. 297, 317 (1998); American Properties, Inc. v. Commissioner, supra; secs. 1.6662-3(a), 1.6664-4(a), Income Tax Regs.  In order to qualify for this exception, a taxpayer must prove by a preponderance of the evidence that (1) the adviser was a competent professional who had sufficient expertise to justify the taxpayer's reliance on him, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment.  See Zabolotny v. Commissioner, 97 T.C. 385, 400-401 (1991), affd. in part and revd. in part on other grounds 7 F.3d 774 (8th Cir. 1993); see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); cf. Patin v. Commissioner, 88 T.C. 1086, 1129-1131 (1987), affd. without published opinion sub nom. Hatheway v. Commissioner, 856 F.2d 186 (4th Cir. 1988), affd. sub nom. Skeen v. Commissioner, 864 F.2d 93 (9th Cir. 1989), affd. sub nom. Gomberg v. Commissioner, 868 F.2d 865 (6th Cir. 1989); Coldwater Seafood Corp. v. Commissioner, 69 T.C. 966, 974 (1978); New York State Association of Real Estate Bds. Group Ins. Fund v. Commissioner, 54 T.C. 1325, 1336 (1970).

Petitioners contend that their reliance on Mr. Baker protects them from liability for the section 6662(a) penalty.  We disagree.  Petitioners hired Mr. Baker because petitioner's colleagues recommended him for his knowledge of trusts and their

tax consequences.  Petitioners introduced no evidence regarding Mr. Baker's credentials or his knowledge and experience in preparing tax returns or analyzing trust arrangements for Federal income tax purposes.  In short, petitioners failed to prove that Mr. Baker was a competent tax adviser and that petitioners were justified in relying on him.  See Ewing v. Commissioner, 91 T.C. 396, 423 (1988), affd. without published opinion 940 F.2d 1534 (9th Cir. 1991); sec. 1.6664-4(b), Income Tax Regs.

In addition, petitioner admitted at trial and conceded on brief that Mr. Baker did not have all the necessary information to complete the returns properly.  There is no evidence that petitioners gave Mr. Baker copies of the trust documents or other information that would have allowed Mr. Baker to evaluate the legitimacy of the trusts or analyze the tax consequences of the trusts.

Because petitioners failed to prove they reasonably relied on a fully informed and competent tax adviser and because they did not assert any other basis for obtaining relief from the section 6662(a) penalty, we hold that petitioners have failed to prove that they had reasonable cause within the meaning of section 6664(c).[4]  We, therefore, sustain respondent's

---

[4]We note that petitioners did not argue that they relied on NTS for accurate tax advice, nor did petitioners establish that NTS was a competent professional or was composed of competent professionals with expertise in tax matters.

determination that petitioners are liable for the section 6662(a) penalty.

Section 6673 Penalty

Section 6673(a)(1)(A) and (B) authorizes the Court to impose a penalty of up to $25,000 wherever proceedings have been instituted or maintained by the taxpayer primarily for delay, or whenever the taxpayer's position in a proceeding is frivolous or groundless. Respondent argues that we should impose a section 6673(a) penalty because petitioners' positions in this proceeding were frivolous and without merit and petitioners instituted this lawsuit primarily for delay.

We decline to impose a penalty under section 6673 in this case. Petitioners do not appear to have instituted or maintained this proceeding primarily for delay. Petitioners abandoned their arguments regarding the validity of their trusts prior to trial and conceded their liability for deficiencies to be calculated pursuant to Rule 155. Petitioners' argument regarding the section 6662(a) penalty was neither frivolous nor groundless.

Conclusion

We have carefully considered all remaining arguments made by the parties for contrary holdings and, to the extent not discussed, find them to be irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155 in docket No. 13714-99.

Decisions will be entered for petitioners in docket Nos. 13723-99 and 13724-99.