T.C. Memo. 2011-276

UNITED STATES TAX COURT

JOHN J. AND TERESA M. BRENNAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8981-10.                   Filed November 21, 2011.

<u>Eugene A. Steger, Jr.</u>, for petitioners.

<u>James H. Harris, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  The IRS issued to petitioners, John J. and
Teresa M. Brennan, a notice of deficiency for tax year 2004 which
determined that the Brennans are liable for a $14,368.62 penalty
under section 6662A.  Unless otherwise indicated, all references
to sections are to the Internal Revenue Code in effect for the

year at issue.  The Brennans petitioned the Court under section 6214 for redetermination of the deficiency.

FINDINGS OF FACT

The parties stipulated some of the facts; and those facts are so found.

The Brennans resided in Pennsylvania when they filed their petition.  During 2004, John Brennan was the sole shareholder of J.J. Brennan, Inc., an S corporation.

On November 17, 2004, J.J. Brennan, Inc., adopted the J.J. Brennan, Inc. 412(i) Defined Benefit Plan (the "plan").  The plan was effective as of January 1, 2004.  It provided coverage to John and Teresa Brennan, who were the only employees of J.J. Brennan, Inc.  The plan provided death benefits of $927,022 to Teresa Brennan and $844,664 to John Brennan.  J.J. Brennan, Inc., paid $223,802 in life-insurance premiums related to the plan.  As the parties have stipulated, in 2004 the Brennans engaged in a listed transaction of the type described in Rev. Rul. 2004-20, 2004-1 C.B. 546 (defining as a listed transaction the participation by employers in certain employee-benefit plans providing death benefits and holding life insurance contracts).

On March 20, 2005, J.J. Brennan, Inc., filed its federal income-tax return for 2004.  On this return, it deducted $223,802 for life-insurance premium payments.

On their federal income-tax return for 2004, the Brennans reported flowthrough income from J.J. Brennan, Inc., to John Brennan of $14,200, net of deductions.[1]  The return reported an income-tax liability of $28,748, an amount that they paid as of the due date of the return.  The Brennans did not attach a Form 8886, Reportable Transaction Disclosure Statement, to their return.  Nor did they otherwise disclose the listed transaction on their return.

The Brennans filed an amended return which showed an increase in their taxable income of $155,209.[2]  A Form 8886 was attached to the amended return.

On February 4, 2009, the IRS mailed a notice of deficiency to the Brennans reflecting the IRS's determination that they are liable for a section 6662A penalty of $14,368.62.  In computing this amount, the IRS assumed that the increase in taxable income resulting from the Brennans' improper tax treatment of a section 6662A transaction was $136,844[3] and that the highest marginal tax

[1]Neither party asserts that this amount is inconsistent with the J.J. Brennan, Inc. return.

[2]The record is not clear, but the increase in taxable income may have been the result of the Brennans' calculation of their taxable income without the $223,802 deduction that had been claimed on the return of J.J. Brennan, Inc.

[3]The IRS now asserts that the use of $136,844 in this calculation was an error--and that $155,209 should have been used instead.  However, the IRS does not assert an increased penalty to correct for this supposed error.

rate was 35 percent. Thus, the reportable transaction understatement was calculated to be $47,895.40, which is 35 percent of $136,844. The section 6662A penalty was calculated to be 30 percent of the $47,895.40 reportable transaction understatement, which is $14,368.62. The deficiency notice did not reflect that the IRS determined a deficiency in income tax separate from the penalty.[4]

On May 4, 2009, the IRS assessed $47,166 of additional income tax. The Brennans paid the $47,166--and interest on the $47,166--by an offset of their 2008 refund and by a $51,724.72 payment made on July 28, 2009. The record does not disclose how the $47,166 was calculated. One could surmise that $47,166 was the additional tax liability, beyond the $28,748 reported on the 2004 return, that the Brennans would owe if the $223,802 deduction that had been claimed on the return of J.J. Brennan, Inc., were disallowed.

### OPINION

Section 6011(a) provides that taxpayers must file the forms and statements required by the regulations promulgated by the Treasury Department. One such regulation is section 1.6011-4, Income Tax Regs., which requires every taxpayer who has participated in a "reportable transaction", including a "listed

---

[4]The parties have not explained why the deficiency notice did not determine a deficiency in income tax other than the penalty.

transaction", to attach to its annual tax return a Form 8886. Sec. 1.6011-4(a), (d), Income Tax Regs. This disclosure statement must be attached to the tax return for each taxable year in which the taxpayer participated in the reportable transaction. Sec. 1.6011-4(e)(1), Income Tax Regs. The disclosure statement must also be attached to any amended return that reflects the taxpayer's participation in a reportable transaction. Id.

Section 6662A(a) provides that "If a taxpayer has a reportable transaction understatement for any taxable year, there shall be added to the tax an amount equal to 20 percent of the amount of such understatement." As is relevant to the Brennans' 2004 tax return, the term "reportable transaction understatement" is defined as

> the product of--
>
>> (i) the amount of the increase (if any) in taxable income which results from a difference between the proper tax treatment of an item to which this section applies and the taxpayer's treatment of such item (as shown on the taxpayer's return of tax), and
>>
>> (ii) the highest rate of tax imposed by section 1 * * *

Sec. 6662A(b)(1)(A). Giving content to the words "an item to which this section applies", section 6662A(b)(2) provides that "This section shall apply to any item which is attributable to" a "listed transaction" or certain other types of transactions. A

listed transaction for the purposes of section 6662A(b)(2) is the same as a listed transaction for the purposes of section 1.6011-4, Income Tax Regs.  Secs. 6662A(d), 6707A(c)(2).

Section 6664(d)(1) provides that "No penalty shall be imposed under section 6662A with respect to any portion of a reportable transaction understatement if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion."  However, section 6664(d)(2) provides:

> Paragraph (1) [i.e., section 6664(d)(1)] shall not apply to any reportable transaction understatement unless--
>
> (A) the relevant facts affecting the tax treatment of the item are adequately disclosed in accordance with the regulations prescribed under section 6011,
>
> (B) there is or was substantial authority for such treatment, and
>
> (C) the taxpayer reasonably believed that such treatment was more likely than not the proper treatment.

Section 6662A(c) provides that a 30-percent penalty rather than a 20-percent penalty is imposed "with respect to the portion of any reportable transaction understatement with respect to which the requirement of section 6664(d)(2)(A) is not met." Section 6664(d)(2)(A) requires the taxpayer to disclose the transaction in order to qualify for the reasonable cause exception.

Under section 7491(c), the IRS bears the burden of production with regard to a penalty.  This means that it must come forward with sufficient evidence indicating that a penalty is appropriate.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  The parties stipulated that the Brennans engaged in a listed transaction described in Rev. Rul. 2004-20, supra, and that they did not disclose the transaction on their 2004 return. The Brennans do not dispute that $136,844 was the amount by which their 2004 taxable income should be increased as a result of their improper tax reporting of the listed transaction.[5]  The parties do not dispute the marginal tax rate to be used in computing the reportable transaction understatement.  Therefore, the IRS has met the burden of showing that there was a reportable transaction understatement for 2004 and that therefore it is appropriate to impose a penalty on the Brennans under section 6662A.

If the IRS meets the burden of production regarding a penalty, the taxpayer bears the burden of proving the penalty is inappropriate because the taxpayer acted with reasonable cause and good faith.  See Williams v. Commissioner, 123 T.C. 144, 153 (2004); Higbee v. Commissioner, supra at 446-447.  The evidence

_____

[5]As already explained, the notice of deficiency determined the amount was $136,844.  The IRS asserts that this was an error and the correct amount was $155,209.  However, the IRS does not seek the increased penalty that would result if this error were corrected.

adduced by the Brennans in support of the reasonable cause exception is insufficient. It showed only that they were unaware that they had to attach a disclosure statement to their 2004 return. This lack of awareness does not satisfy any of the three conditions imposed by section 6664(d)(2) for the reasonable cause exception. First, section 6664(d)(2)(A) requires the Brennans to have attached a disclosure statement to their 2004 return. They did not attach a disclosure statement. Second, section 6664(d)(2)(B) requires the Brennans to show that there was substantial authority for the tax treatment of the listed transaction on their 2004 tax return. They did not do so. Third, section 6664(d)(2)(C) requires the Brennans to show that they reasonably believed that their 2004 tax return more likely than not reflected the correct tax treatment of the listed transaction. They did not make such a showing.

We hold that the Brennans do not qualify for the section 6664(d) reasonable cause exception to the section 6662A penalty that was determined by the IRS. They are therefore liable for the penalty. In reaching our decision, we have considered all arguments made by the parties. To the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.