T.C. Memo. 2013-30

UNITED STATES TAX COURT

VIMAL SONI AND KIRAN SONI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20628-10.                         Filed January 28, 2013.

Larry D. Vince, for petitioners.

Sebastian Voth, for respondent.

MEMORANDUM OPINION

KERRIGAN, Judge:  Respondent determined penalties of $9,127 pursuant

to section 6662(a) for 2003, $17,048 pursuant to section 6662A for 2004, and

$2,663 pursuant to section 6662A for 2005.  Unless otherwise indicated, all

section references are to the Internal Revenue Code in effect for the year in issue,

**[*2]** and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts have been rounded to the nearest dollar. After concessions, the issues for our consideration are (1) whether petitioners are liable for the 30% accuracy-related penalty under section 6662A for tax year 2004, and (2) whether petitioners may be granted relief from the penalty under section 6664(d).

Background

This case was fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. Petitioners resided in California when they filed the petition.

Petitioners, husband and wife, are the sole shareholders in an S corporation, Vimal and Kiran Soni, Inc. (Soni, Inc.). Throughout 2004 each petitioner held a 50% share in Soni, Inc.

In 2004 Soni, Inc. sponsored the Vimal and Kiran Soni, Inc. Defined Benefit Plan (plan). Soni, Inc. adopted the plan in 2001. Soni, Inc. funded the plan with life insurance purchased from Indianapolis Life Insurance Co., paying annual premiums that it deducted. Shortly after adopting the plan, on the advice of its accountant, Soni, Inc. submitted information about the plan to respondent. On September 9, 2002, respondent sent Soni, Inc. a favorable determination letter that specifically states: "Continued qualification of the plan under its present form will

[*3] depend on its effect in operation." The letter directed petitioners to read IRS Publication 794, Favorable Determination Letters, which was enclosed with the letter, and explained the scope and limitations of the determination letter.

Soni, Inc. did not hire an independent actuary to determine the amount needed to fund the benefits offered by the plan. Soni, Inc. obtained neither legal advice nor tax advice from a certified public accountant with expertise in the area of defined benefit plans regarding the tax implications of operating the plan.

In 2004 Soni, Inc. continued to sponsor the plan and made a contribution to it. The plan used the contribution to purchase interest-sensitive whole life insurance policies and flexible-premium deferred annuity policies. In 2004 the death benefits under the life insurance policies purchased on both petitioners' lives exceeded the death benefits under the plan by more than $100,000 per person.

On July 25, 2005, petitioners filed their Form 1040, U.S. Individual Income Tax Return, for tax year 2004; petitioners claimed a $394,263 flowthrough loss from Soni, Inc. On August 5, 2005, Soni, Inc. filed its Form 1120S, U.S. Income Tax Return for an S Corporation, for tax year 2004. On its Form 1120S Soni, Inc. claimed a $389,607 pension contribution deduction and reported a $404,001 loss. Soni, Inc. did not attach a Form 8886, Reportable Transaction Disclosure

**[\*4]** Statement, or any other reportable transaction disclosure statement, to its Form 1120S.

On December 12, 2005, Pension Professionals of America, the plan promoter and administrator, sent petitioner husband a letter and enclosed a Form 8886. The letter states: "We strongly suggest that you file this Form 8886 with an amended 2004 corporate tax return." The letter also states that "your plan does not fall into the IRS Safe Harbor definitions with regard to the death benefit".

On January 9, 2006, respondent's Ogden Service Center received Soni, Inc.'s amended Form 1120S for its 2004 tax year, which included Form 8886. The Office of Tax Shelter Analysis (OTSA) has no record of Soni, Inc.'s filing a Form 8886 with the OTSA for its 2004 tax year. Neither petitioners nor Soni, Inc. have proof from any mail carrier, including a private delivery service, that Form 8886 for petitioners' or Soni, Inc.'s 2004 tax year was delivered to the OTSA.

In 2009 respondent and petitioner husband, as president of Soni, Inc., entered into a closing agreement, which addressed Soni, Inc.'s 2001, 2002, 2003, 2004, 2005, 2006, and 2007 tax years. For its 2004 tax year Soni, Inc. claimed a $389,607 pension contribution deduction and reported a $404,001 loss on its Form 1120S. Pursuant to the closing agreement $172,104 of the pension contribution deduction was disallowed and the corrected loss for Soni, Inc.'s 2004 tax year was

[*5] $231,897. As a result of the $394,263 flowthrough loss that petitioners claimed, petitioners understated their 2004 income by $162,366.

Respondent audited petitioners' 2003, 2004, 2005, 2006, and 2007 tax returns. Petitioners had deficiencies for the first three years; the deficiency for 2004 was $41,147. Petitioners had overassessments for 2006 and 2007. In 2009 respondent issued petitioners a $44,507 refund for these overassessments. On September 14, 2010, respondent issued petitioners a statutory notice of deficiency determining that they were liable for a section 6662A 30% penalty for tax year 2004. In computing this amount respondent assumed that the increase in petitioners' taxable income for 2004 is $162,366 and the highest applicable tax rate is 35%, and he calculated the underpayment in tax as $56,828, which is 35% of $162,366. The section 6662A penalty respondent determined is $17,048, which is 30% of $56,828. The notice of deficiency did not reflect that respondent determined a deficiency in income separate from the penalty.

Petitioners concede that they engaged in a listed transaction of the type described in Rev. Rul. 2004-20, 2004-1 C.B. 546 (listed transaction), in 2004. Petitioners also concede that they did not attach a Form 8886, or any other reportable transaction disclosure statement, to their Form 1040, and they did not

[*6] file a copy of Form 8886, or any other reportable transaction disclosure statement, with the OTSA for tax year 2004.

## Discussion

I.     Section 6662A Penalty

Section 6662A provides:  "If a taxpayer has a reportable transaction understatement for any taxable year, there shall be added to the tax an amount equal to 20 percent of the amount of such understatement."  Sec. 6662A(a).  The penalty applies to any deficiency that is attributable to any listed transaction or any reportable transaction if a significant purpose of the transaction is the avoidance or evasion of Federal income tax.  Sec. 6662A(b)(2).  The penalty is increased from 20% to 30% of the amount of the understatement if the disclosure requirements of section 6664(d)(2)(A) are not met.  Sec. 6662A(c).  Section 6664(d)(2)(A) requires disclosure in accordance with the regulations under section 6011.

Section 6011(a) provides that taxpayers must file all forms and statements required by the regulations promulgated by the Secretary.  Section 1.6011-4T(a) and (d), Temporary Income Tax Regs., 67 Fed. Reg. 41327, 41328 (June 18, 2002), requires every taxpayer who has participated in a reportable transaction, including a listed transaction, to attach a Form 8886 to its annual tax return.  Brennan v. Commissioner, T.C. Memo. 2011-276, slip op. at 4-5.  The taxpayer must attach

**[*7]** this disclosure statement to the tax return for each taxable year for which the taxpayer's Federal income tax liability is affected by the taxpayer's participation in the reportable transaction. Sec. 1.6011-4T(d)(1), Temporary Income Tax Regs., supra. The taxpayer must also attach this disclosure statement to any amended return that reflects the taxpayer's participation in the reportable transaction. Id.; see also T.D. 9108, 2004-1 C.B. 429 (clarifying that a return includes amended returns for purposes of when disclosure must be made).

## II.    Determination Letter

Petitioners concede that they engaged in a listed transaction. Rev. Rul. 2004-20, supra, which became effective February 13, 2004, identifies certain section 412(i) transactions as listed transactions. The transaction at issue was a listed transaction before petitioners filed their original Form 1040 in 2005.

Petitioners contend that they met the disclosure requirements of section 1.6011-4T, Temporary Income Tax Regs., supra, because Soni, Inc. sent information about the transaction to respondent and received the favorable determination letter in return. We disagree. A determination letter is a written statement issued by a district director in response to a written inquiry by an individual or an organization that applies to the particular facts involved. Sec. 601.201(a)(3), Statement of Procedural Rules. A determination letter is issued only

**[*8]** when a determination can be made on the basis of clearly established rules as set forth in the statute, a Treasury decision or regulation, or a ruling, opinion, or court decision published in the Internal Revenue Bulletin. Id.

The determination letter addresses only the qualified status of the plan under section 401(a) and does not address plan operation. A determination letter does not address whether actuarial assumptions are reasonable for funding or deduction purposes or whether a specified contribution is deductible. IRS Publ'n 794 (rev. July 2001). This case involves the deductibility of contributions to the plan by Soni, Inc., which is not covered in the scope of the determination letter.

III.    Rev. Rul. 2004-20 Effective Date

Petitioners assert that Rev. Rul. 2004-20, supra, was issued two years after Soni, Inc. entered into the plan in 2001 and cannot be applied retroactively. Petitioners also argue that they relied on the determination letter, which was issued approximately 18 months before the issuance of Rev. Rul. 2004-20, supra. We have already established that petitioners may not rely on the determination letter for purposes of plan operation and deductions. This Court has decided previously that taxpayers may be liable for a penalty arising from a transaction entered into before the penalty was enacted. See Patin v. Commissioner, 88 T.C. 1086, 1127 n.34 (1987), aff'd without published opinion, 865 F.2d 1264 (5th Cir. 1989), and aff'd

**[*9]** without published opinion sub nom. Hatheway v. Commissioner, 865 F.2d 186 (4th Cir. 1988), and aff'd sub nom. Skeen v. Commissioner, 864 F.2d 93 (9th Cir. 1989), and aff'd sub nom. Gomberg v. Commissioner, 868 F.2d 865 (6th Cir. 1989); McGehee Family Clinic, P.A. v. Commissioner, T.C. Memo. 2010-202, slip op. at 6. Therefore it is irrelevant that Rev. Proc. 2004-20, supra, was issued after Soni, Inc. established the plan and after petitioners received the plan determination letter.

Petitioners assert that Rev. Rul. 2004-20, supra, did not put them on notice that they could no longer rely on the determination letter. Rev. Rul. 2004-20, supra, describes which types of transactions are listed transactions for purposes of section 1.6011-4T(b)(2), Temporary Income Tax Regs., 65 Fed. Reg. 11207 (Mar. 2, 2000), and sections 301.6111-2(b)(2) and 301.6112-1(b)(2), Proced. & Admin. Regs., effective February 13, 2004, the date Rev. Rul. 2004-20, supra, was released to the public. Listed transactions include transactions in which the employer uses deductible amounts to pay premiums on a life insurance contract for a participant with a death benefit under the contract that exceeds the participants's death benefit under the plan by more than $100,000. See Rev. Rul. 2004-20, 2004-1 C.B. at 549. Petitioners concede that they engaged in this type of transaction in 2004. Rev. Rul. 2004-20, supra, had been in effect for 17 months when petitioners filed their 2004

**[\*10]** Form 1040.  Ignorance of the law is no excuse for noncompliance with the applicable law.  McGehee Family Clinic, P.A. v. Commissioner, slip op. at 14.  Petitioners failed to obtain independent tax advice from a lawyer or accountant with expertise in the area of defined benefit plans before filing their Form 1040.

IV.    Independent Shareholder Disclosure Rules

Every individual, trust, partnership, and S corporation that has participated, directly or indirectly, in a reportable transaction must attach to its return for each taxable year in which the taxpayer's Federal income tax liability is affected a disclosure statement in the form prescribed.  Sec. 1.6011-4T(a)(1), Temporary Income Tax Regs., supra.  A taxpayer has indirectly participated in a reportable transaction if the taxpayer's Federal income tax liability is affected, or in the case of an S corporation, if the shareholder's Federal income tax liability is reasonably expected to be affected by the transaction, even if the taxpayer is not a direct party to the transaction.  Id.  An individual taxpayer that owns shares in an S corporation participates in a reportable transaction when the tax benefits of the S corporation's direct participation in the reportable transaction flow through to the individual taxpayer.  See Brennan v. Commissioner, T.C. Memo. 2011-276.

The disclosure statement for a reportable transaction must be attached to the taxpayer's Federal income tax return for each taxable year in which the taxpayer's

[*11] Federal income tax liability is affected. Sec. 1.6011-4T(d)(1), Temporary Income Tax Regs., supra. When the disclosure statement is first attached to the taxpayer's Federal income tax return, the taxpayer must file a copy of that disclosure statement with the OTSA. Id. Petitioners failed to attach a Form 8886, or any other reportable transaction disclosure statement, to their Form 1040. Petitioners failed to file a copy of Form 8886, or any other reportable transaction disclosure statement, with the OTSA. Therefore petitioners did not meet their reporting requirements under section 1.6011-4T, Temporary Income Tax Regs., supra.

Petitioners contend that their transaction was disclosed because Soni, Inc. filed a Form 8886 with its amended 2004 return. For an S corporation, the disclosure statement for a listed transaction must be attached to the S corporation's Federal income tax return for each taxable year ending with or within the taxable year of any shareholder whose income tax liability is affected or is reasonably expected to be affected by the S corporation's participation. Sec. 1.6011-4T(d)(1), Temporary Income Tax Regs., supra. At the same time a copy must be filed with the OTSA. Id. Shareholders and S corporations have separate reporting requirements. See sec. 1.6011-4T(a)(1), (d)(1), Temporary Income Tax Regs., supra. Even if an S corporation files a disclosure statement for a listed transaction,

[*12] the shareholder still has an obligation to file. Regardless of whether Soni, Inc. met its disclosure requirements, petitioners did not meet theirs. Therefore, we need not discuss whether Soni, Inc. met its disclosure requirements because it does not affect petitioners' obligation to disclose.

V.      Substantial Compliance

Petitioners contend that they substantially complied with the section 6011 disclosure requirements because Soni, Inc. attached a Form 8886 to its amended return. A taxpayer may be deemed to satisfy a statute if the taxpayer "substantially complies" with the statute's requirements. See Bond v. Commissioner, 100 T.C. 32 (1993). Substantial compliance applies only when the requirement is procedural or directory and is not the essence of the statute's purpose. Taylor v. Commissioner, 67 T.C. 1071, 1077-1078 (1977).

This Court has previously held that when a taxpayer has provided substantially all of the information specified in certain regulations and the purpose of the statute had been substantially achieved, the taxpayer has substantially complied with the regulation. See Estate of Clause v. Commissioner, 122 T.C. 115, 123 (2004); Bond v. Commissioner, 100 T.C. at 42; Smith v. Commissioner, T.C. Memo. 2007-368, aff'd, 364 Fed. Appx. 317 (9th Cir. 2009). Substantial compliance is a narrow doctrine that may be applied to avoid hardship where a

**[\*13]** party establishes that the party intended to comply with a provision and did everything reasonably possible to comply with the provision but did not comply with the provision because of a failure to meet the provision's specific requirements. Samueli v. Commissioner, 132 T.C. 336, 345 (2009); see also Van Dusen v. Commissioner, 136 T.C. 515, 534-535 (2011).

Petitioners have not substantially complied with the requirements of section 1.6011-4T, Temporary Income Tax Regs., supra. That section requires taxpayers to attach Forms 8886 to their Federal income tax returns and to file copies of the disclosure statements with the OTSA. See T.D. 9000, 2002-2 C.B. 87. Petitioners did not provide any of the information required by section 1.6011-4T, Temporary Income Tax Regs., supra. They failed to file any sort of disclosure with their 2004 Form 1040, and they failed to attempt any disclosure of the transaction to the OTSA. We have already established that petitioners had a filing obligation separate from that of Soni, Inc.; therefore, any information presented about Soni, Inc.'s filing status has no bearing on petitioners' compliance. Furthermore, petitioners have not presented any evidence to show that they attempted to file a Form 8886 with respondent.

**[\*14]** VI.    <u>Burden of Proof</u>

Under section 7491(c), the Commissioner bears the burden of production with regard to the section 6662A penalty. This means that respondent must come forward with sufficient evidence indicating that a penalty is appropriate. See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). The parties stipulated that petitioners engaged in a listed transaction and that they did not disclose the transaction on their 2004 tax return. Petitioners do not dispute that their 2004 taxable income should be increased by $162,366 as a result of their improper reporting. The parties do not dispute the marginal tax rate to be used in computing the reportable transaction understatement. Therefore respondent has met the burden of showing that there was a reportable transaction understatement for 2004 and therefore it is appropriate to impose a penalty on petitioners under section 6662A. See <u>Brennan v. Commissioner</u>, T.C. Memo. 2011-276.

VI.    <u>Reasonable Cause</u>

A taxpayer is not liable for the section 6662A penalty if the taxpayer has reasonable cause and acted in good faith. Sec. 6664(d). The taxpayer bears the burden of proving that the penalty is inappropriate because the taxpayer acted with reasonable cause and in good faith. See <u>Williams v. Commissioner</u>, 123 T.C. 144, 153 (2004); <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447. A taxpayer has

[*15] reasonable cause and acted in good faith if the taxpayer followed the disclosure provisions of the section 6011 regulations, the taxpayer has substantial authority for his or her position, and the taxpayer reasonably believed that the position was more likely than not the proper treatment. Sec. 6664(d)(2). The requirements of section 6664(d)(2) are stated in the conjunctive; each requirement must be met to obtain relief. Petitioners failed to disclose the transaction, which is the first requirement of section 6664(d), so we do not need to discuss whether the other requirements were met; petitioners do not qualify for the reasonable cause exception under section 6664(d)(2). See sec. 6664(d)(2)(A); Brennan v. Commissioner, slip op. at 6.

Congress has made clear that

> [b]ecause disclosure is so vital to combating abusive tax avoidance transactions, the Committee believes that taxpayers should be subject to a strict liability penalty on an understatement of tax that is attributable to non-disclosed listed transactions or * * * reportable transactions that have a significant purpose of tax avoidance. * * * If the taxpayer does not adequately disclose the transaction, the strengthened reasonable cause exception is not available (i.e., a strict-liability penalty applies), and the taxpayer is subject to an increased penalty rate equal to 30 percent of the understatement.

H.R. Rept. No. 108-548 (Part I), at 263-264 (2004). Petitioners failed to disclose the transaction when they failed to attach a Form 8886 to their 2004

**[\*16]** Federal income tax return and failed to send a copy to the OTSA. Therefore relief is not available to petitioners under section 6664(d).

Petitioners present several arguments to try to prove that they met their burden under section 6664(d)(2). Petitioners contend that they may rely on the determination letter as substantial authority and that Soni, Inc.'s filing Form 8886 with its 2004 amended return was more likely than not sufficient disclosure. However, these arguments are irrelevant. Each requirement of section 6664(d)(2) must be met to obtain relief. Petitioners failed to disclose the transaction, which is the first requirement of section 6664(d)(2), and therefore we do not need to discuss whether the other requirements are met.

We hold that petitioners do not qualify for the section 6664(d) reasonable cause exception to the section 6662A penalty and that they are liable for the penalty. In reaching our decision, we have considered all arguments made by the parties. To the extent not mentioned or addressed, they are irrelevant or without merit.

VII.   Abatement Under Section 6404(f)

Section 6404(f) provides that, subject to certain limitations, the Commissioner may abate a penalty attributable to his own erroneous written advice. Petitioners argue that the favorable determination letter Soni, Inc. received

**[\*17]** is included under section 6404(f), and therefore the section 6662A penalty must be abated.  This issue, however, is not ripe.  The section 6662A penalty is currently before this Court, and respondent has not yet assessed it.  This Court does not have jurisdiction to consider a failure by the Commissioner to abate a penalty that has not been assessed.  Friedland v. Commissioner, T.C. Memo. 2011-217, slip op. at 6.  Moreover, the penalty at issue did not result from any advice provided by respondent; Soni, Inc.'s determination letter did not address plan contributions or deductions by participants, which are at issue in this case.

To reflect the foregoing,

Decision will be entered

under Rule 155.